# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO.: CR209-35

MICHAEL DAVID PALMER
AARON JERMAINE JACKSON
ALFREDO GERMAINE MASON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Michael David Palmer ("Palmer") has been charged with armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during the commission of a bank robbery, in violation of 18. U.S.C. § 924(c). Palmer filed a Motion to Suppress and the Government filed a Response. The undersigned conducted an evidentiary hearing on November 17, 2009, at which FBI Special Agent Mark Anthony Alig ("Alig"), GBI Special Agent Richard Dial ("Dial"), and McIntosh County Chief Deputy William Clyde Jennings testified.

## FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

On July 20, 2009, three males, armed with semi-automatic rifles, entered The Heritage Bank in Darien, Georgia, filled two backpacks with over $30,000 of currency, and fled in a burgundy van. The three men proceeded to head north in a high speed chase on Highway 17. Eventually the van crashed into a tree, and the three occupants

of the van fled into the woods. Aaron Jermaine Jackson and Alfredo Germaine Mason were found in the woods shortly thereafter. Palmer was arrested the next day at his daughter's house in Brunswick, Georgia.

After Palmer surrendered to authorities and was placed in the backseat of a McIntosh County Sheriff's Department car, Agent Alig opened the door of the car and identified himself to Palmer. Agent Alig showed Palmer his credentials, read Palmer his Miranda rights, asked him if he understood his rights, and asked him if he had any questions about his rights. Palmer replied that he did understand his rights, did not have any questions, and agreed to participate in an interview with Agent Alig. Palmer was then interviewed by Agent Alig.

That same evening, after Palmer was transferred to the McIntosh County Detention Center, Agent Alig, Agent Dial, Chief Deputy Jennings, and Major Danny Lowe attempted to re-interview Palmer. Agent Alig presented Palmer with a waiver of rights form. At Agent Alig's direction, Palmer read the form out loud. Palmer then invoked his right to counsel. Immediately after invoking his right to counsel, Palmer spontaneously stated that he believed he was going to spend the rest of his life in prison for what he had done, and he did not wish to make any further statements.

## ISSUES PRESENTED

Palmer asserts that the statements he made to Special Agent Alig when he was inside the police vehicle, and the statement he made after he invoked his right to counsel should be suppressed.

# DISCUSSION AND CITATION TO AUTHORITY

I. **Palmer's Statements in the Police Vehicle**

Palmer claims that because he did not sign a written waiver of rights form that the statements he made to Agent Alig while in the police vehicle should be suppressed. Palmer further asserts that the failure of law enforcement agents "to record the alleged warnings that were allegedly given, along with the alleged statement given by the Defendant, constitutes a violation of Defendant's due process rights." (Doc. No. 40, p. 5). The Government asserts that Palmer made incriminating statements only after he was advised of his rights and knowingly, voluntarily, and intelligently waived them. The Government also states that the fact that Palmer's statements were not recorded did not violate any of his rights.

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id.

Though Defendant contends that, "[t]he fact that a person under arrest is not asked to sign a written Waiver of Rights . . . could certainly cause a person to believe that there has not been a waiver of the Fifth Amendment Privilege," the law in the

Eleventh Circuit holds that the opposite is true. Where a defendant's actions clearly demonstrate that he has voluntarily waived his Miranda rights, his failure to sign a waiver of rights form does not render his waiver involuntary. United States v. Bosby, 675 F.2d 1174, 1182 (11th Cir. 1982). The unrebutted evidence indicates that Palmer was read his rights, affirmed that he understood his rights, and agreed to speak with Agent Alig without invoking his right to counsel. The fact that Palmer did not sign the waiver form does not invalidate his waiver given that his actions clearly demonstrated he was voluntarily waiving his Miranda rights.

Palmer fails to cite any authority holding that his statements should be suppressed because they were not recorded, and there is no case law in the Eleventh Circuit that supports his assertion with respect to this issue. Palmer's statements made during the time he was in the police vehicle should not be suppressed.

II. **Spontaneous Post-Invocation Statement**

Defendant asserts that the statement he made about spending the rest of his life in prison should be suppressed because it is ambiguous and "its potential harmful effect greatly outweighs any probative value that the statement could have." (Doc. No. 40, p. 8).

Once a defendant invokes his right to counsel, authorities may not question the suspect, nor may they reinitiate the interrogation. Minnick v. Mississippi, 498 U.S. 146, 153 (1990). However, where a defendant initiates his confession independent of any attempts by law enforcement authorities to get him to talk, the confession is admissible. Henderson v. Dugger, 925 F.2d 1309, 1313 (11th Cir. 1991). Special Agent Alig ceased questioning Palmer immediately after he invoked his right to counsel. Palmer's

spontaneous statement was not the result of questioning by law enforcement officers and therefore should not be suppressed. Any relevancy determinations as to this statement will be made at trial.

### CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 2 day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE